PATRICK WHITE *vs.* DENNIS HARRIGAN and another.

August 21, 1889.

**Evidence—Complaint Stating Two Causes of Action.**—A general exception to the ruling of the court admitting evidence under a complaint containing several causes of action cannot be sustained if either cause of action is good.

**Building Contract—Powers Vested in Architect.** — Where a building contract provided that, if the contractor failed to comply with the conditions thereof, the architect should be entitled to take possession of the building, *held*, that this right did not depend upon the mere arbitrary discretion of the architect, but, in an action for damages by the contractor for such interference by the architect, the issue whether he had so fulfilled his contract was one which he was entitled to have tried.

**Same—Decision of St. Paul Building Inspector.**—Nor is the decision of the building inspector, under the ordinance of the city of St. Paul, final and conclusive as to the rights of the contractor upon the trial of such issue.

Appeal by defendants from an order of the district court for Ramsay county, *Wilkin*, J., presiding, refusing a new trial after verdict for plaintiff of $270.80 against defendant McMurran "for the removal and conversion of the scaffolding and lumber," and of $1,852.34 against both defendants.

*C. D. & Thos. D. O'Brien*, for appellants.

*Cole, Bramhall & Morris*, for respondent.

VANDERBURGH, J.   The plaintiff, by the contract with the defendants described in the complaint, agreed to erect and complete the brick-work in and for the Edison Electric Company, and a new building for the defendant McMurran, and to furnish materials therefor; the work and materials to be in strict accordance with the drawings and specifications prepared by the architect.   The entire contract price to be paid plaintiff for both buildings was the sum of $7,012.50, apportioned as follows:   $2,700 for the first-named building, and $4,400 for the last; and in payment therefor plaintiff, as the contract reads, was to receive $4,049.50 of the defendant Harrigan, and the balance of the entire contract, $3,050, was to be paid by defendant McMurran by the conveyance to the plaintiff of certain unincumbered real estate, and which was to be in part-payment of the entire contract price.   All were parties to the contract and subject to liability thereon according to its provisions.

1. For his first cause of action plaintiff claims a balance due him for the erection and completion of the brick-work in the first-named building.   When the testimony was concluded, the court instructed the jury that upon the undisputed evidence the plaintiff was entitled to recover upon this cause of action the sum of $292.   This instruction was not excepted to, and cannot now be complained of.

2. The defendants assign as error the ruling of the court permitting any evidence against the defendants under the complaint, and refusing to dismiss the action; but it is evident that, under such general objections, if any evidence was properly admissible and received in support of either cause of action against the defendants, the court ruled correctly upon both points, and this assignment cannot be sustained.

3. The fourth assignment of error is that the court erred in sub-

mitting the question of the defendant McMurran's liability to the jury. We will consider this point in connection with the four remaining causes of action. Under the second the plaintiff charges, in substance, that while he was pursuing his work under and in compliance with his contract upon the McMurran building, the defendants wrongfully interfered with the plaintiff, ordered him off, and forcibly excluded him from the premises, and took possession of the building in its incomplete state, used his materials, and prevented him from completing the job, though he was able and willing to do so. We think there was sufficient evidence to submit to the jury upon this issue. No matter of difference between the parties was formally submitted to the determination of the architect who had supervision of the work, and who drew the plans and specifications therefor; but he was dissatisfied and objected to it, and, the plaintiff failing to comply with his directions, he took possession of the building, removed the plaintiff's scaffolding and tools, and disabled him from proceeding with it. In this he was acting in behalf of the defendant McMurran, and the jury were fully warranted in finding that it was with his consent and approval. Indeed, the answer expressly admits that the defendant McMurran did take possession and complete the work, which it is averred was necessary on account of plaintiff's failure to comply with the contract, and after request therefor by the architect.

The right of the architect so to interfere and stop the work was, as the trial court properly held, not to depend upon his mere arbitrary discretion. The contract provided that the architect should be put in possession of the building "on account of the failure on the part of the contractor to comply with the conditions" thereof, upon demand of the architect.

Plaintiff's right to recover damages under the second count was properly made to turn upon the question whether he had in fact complied with the terms of the contract; and the evidence on this issue was properly submitted to the jury by the court. No question is made that the contract, plans, and specifications were in conformity to the building ordinance of the city; and in an action between these parties, involving the issue whether the plaintiff had, as to workman-

ship and materials, complied with his contract, the decision of the building inspector of the city is not final and conclusive so as to bar further inquiry into the facts. The court allowed the evidence, but refused to hold it conclusive, and submitted the issue to the jury upon all the evidence bearing upon the case. The contract makes no provision that the building inspector shall be arbiter between the parties, or making his decision final, and the city ordinance does not assume to give any such effect to his decision or notice. A builder may be prosecuted and fined for bad workmanship and materials, but in such case he would be entitled to be heard upon the question of fact.

In respect to the third cause of action, for wrongfully converting the scaffolding and other materials of the plaintiff, the evidence tends to show that it was taken down and carried away by the architect on behalf of the defendant McMurran, and with his knowledge and approval; and plaintiff's testimony in respect to the agreement of the latter to pay for the extra work claimed under the fifth cause of action was sufficient to support a finding in his favor.

Whether the case is one in which loss of profits might be recovered as part of the damages suffered by the plaintiff on account of the enforced suspension of his work under the contract, is not reached by any assignment of error.

Order affirmed.